**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────────────

**No. 23-4237**

────────────────

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

  v.

JARVIS ANTONIO COLEMAN-FULLER,

  Defendant - Appellant.

────────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, Senior District Judge.  (1:20-cr-00038-DKC-7)

────────────────

Submitted:  January 10, 2025                    Decided:  January 15, 2025

────────────────

Before HARRIS and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

────────────────

Affirmed by unpublished per curiam opinion.

────────────────

**ON BRIEF:** Mirriam Z. Seddiq, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Adeyemi O. Adenrele, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

────────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarvis Antonio Coleman-Fuller appeals the criminal judgment sentencing him to 156 months' imprisonment following his convictions by a jury of conspiracy to distribute and to possess with intent to distribute controlled substances, including heroin and fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(B)(i), (vi), 846; possession with intent to distribute 40 grams or more of fentanyl and a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi), (C); two counts of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possession of body armor by a violent felon, in violation of 18 U.S.C. §§ 921(a)(35), 924(a)(7), 931(a)(1). For the following reasons, we affirm.

Coleman-Fuller argues first that the district court erred in allowing the admission at trial of testimony about his prior incarceration, claiming that this testimony was unfairly prejudicial under Fed. R. Evid. 403.

"Rule 403 states that a district 'court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . or needlessly presenting cumulative evidence.'" *United States v. Tillmon*, 954 F.3d 628, 643 (4th Cir. 2019) (quoting Fed. R. Evid. 403). "[W]hen considering whether evidence is unfairly prejudicial, damage to a defendant's case is not a basis for excluding probative evidence because evidence that is highly probative invariably will be prejudicial to the defense." *Id.* (internal quotation marks omitted). "Instead, unfair prejudice speaks to the capacity of

2

some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Id.* (cleaned up).

We review the district court's evidentiary ruling under the deferential abuse of discretion standard. *Burgess v. Goldstein*, 997 F.3d 541, 59 (4th Cir. 2021) ("We will overturn an evidentiary ruling only if it is arbitrary and irrational.") We have reviewed the record on appeal, and conclude that the district court did not abuse its discretion in allowing testimony of Coleman-Fuller's prior incarceration. The testimony was brief and limited, and especially in light of Coleman-Fuller's stipulation to his felon status, its admission was not otherwise unfairly prejudicial. We accordingly affirm Coleman-Fuller's conviction.

Coleman-Fuller also challenges his sentence, asserting that the district court committed two procedural errors in the calculation of his Sentencing Guidelines range. "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018) (cleaned up).

Coleman-Fuller first contends that the court should not have included drug amounts seized from a coconspirator's home in determining his base offense level because these amounts were not reasonably foreseeable to him. "[I]n order to attribute to a defendant for sentencing purposes the acts of others in jointly-undertaken criminal activity, those acts must have been within the scope of the defendant's agreement *and* must have been reasonably foreseeable to the defendant." *United States v. Flores-Alvarado*, 779 F.3d 250, 255 (4th Cir. 2015) (internal quotation marks omitted). Here, the district court carefully

3

considered Coleman-Fuller's argument and determined that the drug amounts seized from the home of his coconspirator were reasonably foreseeable to him. We discern no clear error in that finding. Accordingly, those drug amounts were properly used to calculate Coleman-Fuller's advisory Guidelines range.

Second, Coleman-Fuller argues that the court erroneously designated his prior Maryland first-degree assault conviction as a crime of violence in the determination of his base offense level. As the Government correctly notes, we did not determine that Maryland first-degree assault no longer qualified as a crime of violence until several months after Coleman-Fuller's sentencing. *See United States v. Redd*, 85 F.4th 153, 173 (4th Cir. 2023). However, contrary to the Government's assertion on appeal, such intervening case law applies here on direct review. *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). Accordingly, the court's designation of Coleman-Fuller's Maryland first-degree assault conviction as a crime of violence amounts to procedural error.

However, we conclude that this error is harmless. "It is well established that we will not vacate a sentence if we determine that the district court's improper calculation of the Guidelines advisory sentencing range [is] harmless." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019).

> [A] Guidelines error is harmless and does not warrant vacating the defendant's sentence if the record shows that (1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be [substantively] reasonable even if the Guidelines issue had been decided in the defendant's favor.

*Id.* (cleaned up). Here, the improper crime-of-violence designation did not affect Coleman-Fuller's combined offense level, which means the district court would have considered the

4

same Guidelines sentencing range regardless of the error. And the district court's comments during the sentencing hearing make clear that it would have imposed the same sentence even absent the application of the base offense level that relied on the Maryland first-degree assault conviction as a crime of violence. Therefore, the first requirement of the harmless error analysis has been met.

Furthermore, we are satisfied that Coleman-Fuller's sentence is substantively reasonable. Without the challenged crime of violence designation, Coleman-Fuller's Guidelines range would have remained the same. Moreover, the district court thoroughly explained why the chosen sentence (which represented a significant downward variance from the advisory Guidelines range) was appropriate based on the 18 U.S.C. § 3553(a) factors and the parties' arguments, fashioning a sentence based on Coleman-Fuller's role in the offense, criminal history, support system, rehabilitation efforts, and limited acceptance of responsibility. Any error in calculating the Guidelines range is thus harmless.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5